# IN THE SUPREME COURT OF THE STATE OF DELAWARE

THOMAS A. MORGAN, §
§
Defendant Below, § No. 318, 2015
Appellant, §
§
v. §
§ Court Below—Superior Court
§ of the State of Delaware,
STATE OF DELAWARE, § in and for Sussex County
§ Cr. ID No. 92S05729DI
Plaintiff Below, §
Appellee. §

Submitted: September 8, 2015
Decided: September 30, 2015

Before **STRINE**, Chief Justice; **HOLLAND**, and **VALIHURA**, Justices.

## O R D E R

This 30th day of September 2015, upon consideration of the appellant Thomas A. Morgan's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Thomas A. Morgan, filed this appeal from the Superior Court's order summarily dismissing his seventh motion for postconviction relief under Superior Court Criminal Rule 61 ("Rule 61"). The State of Delaware has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Morgan's opening brief that the appeal is without merit. We agree and affirm.

(2)     The record reflects that, in 1993, a Superior Court jury convicted Morgan of two counts of Unlawful Sexual Intercourse in the First Degree, one count of Unlawful Sexual Contact in the Second Degree, and one count of Kidnapping in the Second Degree. Morgan was sentenced to a total period of thirty-six years of Level V incarceration, suspended after thirty-two years for decreasing levels of supervision. This Court affirmed Morgan's convictions on direct appeal.[1] We also affirmed the Superior Court's denial of Morgan's first, second, third, fourth, and fifth motions for postconviction relief.[2]

(3)     On May 13, 2015, Morgan filed his seventh motion for postconviction relief. Morgan argued that: (i) his trial counsel was ineffective because, *inter alia*, he failed to present evidence of Morgan's reading and writing disabilities; (ii) the prosecutor engaged in misconduct by withholding a taped statement of the victim; (iii) a police officer lied in the affidavit of probable cause for the arrest warrant; and (iv) the Superior Court acted with a closed mind when it denied Morgan's motion to have new counsel appointed for the direct appeal of his conviction. Morgan also sought appointment of counsel under *Martinez v. Ryan*.[3]

---

[1] *Morgan v. State*, 1994 WL 202272 (Del. May 5, 1994).
[2] *Morgan v. State*, 2008 WL 727035 (Del. Mar. 19, 2008); *Morgan v. State*, 2006 WL 2787497 (Del. Sept. 26, 2006); *Morgan v. State*, 2005 WL 53272 (Del. Jan. 7, 2005); *Morgan v. State*, 1998 WL 280353 (Del. May 7, 1998); *Morgan v. State*, 1995 WL 57368 (Del. Feb. 9, 1995).
[3] 132 S. Ct. 1309 (2012).

2

(4) On May 21, 2015, the Superior Court summarily dismissed the motion for postconviction relief. The Superior Court found that Morgan's motion was untimely under Rule 61(i)(1) and repetitive under Rule 61(i)(2). The Superior Court also denied Morgan's request for appointment of counsel. This appeal followed.

(5) We review the Superior Court's denial of postconviction relief for abuse of discretion and questions of law *de novo*.[4] The procedural requirements of Rule 61 must be considered before any substantive issues are addressed.[5] In his opening brief, Morgan argues that he overcame the procedural hurdles of Rule 61(i) because review of his claims is warranted in the interest of justice under Rule 61(i)(2) and he pled a colorable claim of a miscarriage of justice under Rule 61(i)(5). Morgan does not make any arguments regarding the Superior Court's denial of his motion for appointment of counsel in his opening brief and has therefore waived that claim.[6]

(6) In arguing that he overcame the procedural hurdles of Rule 61(i), Morgan disregards recent amendments to Rule 61. Effective June 4, 2014, Rule 61(d) provided:

> (2) *Second or subsequent postconviction motions.* A second or subsequent motion under this rule shall be summarily dismissed, unless the movant was convicted after a trial and the motion either:

---

[4] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).
[5] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[6] Supr. Ct. R. 14(b)(vi)(A)(3); *Murphy v. State*, 632 A.2d 1150, 1152 (Del. 1993).

3

(i) pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or

(ii) pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.[7]

This was Morgan's seventh postconviction motion. Morgan has not pled with particularity a claim under either Rule 61(d)(2)(i) or Rule 61(d)(2)(ii). Thus, the Superior Court did not err in summarily dismissing Morgan's seventh motion for postconviction relief.

(7) We have now concluded for a sixth time that the Superior Court properly denied Morgan's motion for postconviction relief under Rule 61. We will not continue to invest scarce judicial resources to address untimely and repetitive claims. If Morgan continues to file appeals from the denial of untimely and repetitive postconviction motions, he risks being enjoined from filing such appeals in this Court without first seeking leave of the Court.[8] Morgan should also be mindful of Rule 61(j).[9]

---

[7] Super. Ct. R. 61(d)(2).

[8] *See, e.g.*, *Evans v. State*, 2015 WL 214057, at *2 (Del. Jan. 14, 2015); *Biggins v. State*, 2011 WL 2731214, at *1 (Del. July 11, 2011).

[9] Super. Ct. R. 61(j) ("If a motion is denied, the state may move for an order requiring the movant to reimburse the state for costs and expenses paid for the movant from public funds.").

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Randy J. Holland
                    Justice